IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, </br></br> Plaintiff, </br> v. </br></br> CIGAR CITY MOTORS, INC.; TALLAHASSEE CCM, LLC; GULF COAST CCM, INC.; and PANAMA CITY BEACH CYCLES, LLC; </br></br> Defendants. | Case No.: 8:18-cv-2055-MSS-CPT </br></br> **AMENDED COMPLAINT** </br></br> **JURY TRIAL DEMANDED** |

NATURE OF ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, Title I of the Civil Rights Act of 1991, and 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of sex (female) and provide appropriate relief to Charging Party Virginia Duncan. Specifically, Plaintiff United States Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Defendants Cigar City Motors, Inc. d/b/a "Harley-Davidson of Tampa" and "Harley-Davidson of Brandon;" Gulf Coast CCM, Inc., d/b/a "Harley-Davidson of New Port Richey;" Tallahassee CCM, Inc., d/b/a "Harley-Davidson of Tallahassee;" and Panama City Beach Cycles, LLC, d/b/a "Harley-Davidson of Panama City Beach" (collectively referred to as the "Defendants" or "CCM Companies"), failed to promote Charging Party to the position of general manager because of her sex (female).

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. Employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Florida, Tampa Division.

## PARTIES

3. Plaintiff Equal Employment Opportunity Commission is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. Defendants are affiliated entities related to the operation, ownership, and management of the dealerships, Harley-Davidson of Tampa and Gulf Coast CCM, Inc., where the Charging Party was employed.

5. At all relevant times, the Defendants have continuously been doing business in the State of Florida and have each continuously had at least fifteen employees.

6. Cigar City Motors, Inc. is a Florida corporation that owns the fictitious name "Tampa Harley-Davidson" and "Harley Davidson of Tampa" with its principal place of business at 6920 North Dale Mabry Highway, Tampa, Florida 33614 where the Harley-Davidson of Tampa dealership is located.

7. Gulf Coast CCM, Inc. is a Florida corporation that owns the fictious name "Harley-Davidson of New Port Richey" with principal place of business 5817 State Road 54, New Port Richey, Florida 34652.

8. Tallahassee CCM, LLC, is a Florida limited liability company that owns the fictious name "Harley-Davidson of Tallahassee" with a principal address of 1306 West Kennedy Boulevard, Tampa, Florida 33606.

9. Panama City Beach Cycles, LLC is a Florida limited liability company that owns the fictious name "Harley-Davidson of Panama City Beach" with a principal address of 1306 West Kennedy Boulevard, Tampa, Florida 33606.

10. All Defendants identify their mailing addresses as 1306 West Kennedy Boulevard, Tampa, Florida 33606.

11. Defendants operate as an integrated enterprise or single employer by virtue of their common management, the interrelations of their operations, the interrelations of their finances, the centralized control over their labor relations, and their common ownership.

12. Defendants are in control of the fundamental aspects of the employment relationship that gave rise to the violations of Title VII stated herein.

13. Defendants had the power to hire, fire, promote, or modify the terms and conditions of the Charging Party's employment.

14. At all relevant times, Defendants have continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEEDINGS

15.     More than thirty days prior to the institution of this lawsuit, Charging Party Virginia Duncan filed an administrative charge of discrimination against Cigar City Motors alleging that Defendants violated Title VII by discriminating against her based on her sex.

16.     Prior to institution of this lawsuit, the Commission found reasonable cause that Title VII had been violated when Defendants failed to promote Duncan because of her sex. The Commission issued a Letter of Determination on June 18, 2018, providing notice of that finding. The Letter of Determination invited Defendants to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief. Defendants declined the invitation to conciliate.

17.     On June 29, 2018, the Commission issued Defendants a Notice of Failure of Conciliation.

18.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

19.     CCM Companies are a Tampa Bay area motorcycle dealership business which owns and operates several Harley Davidson stores throughout Florida.

20.     At all relevant times, Defendants have owned and operated the Harley-Davidson of Tampa dealership (hereinafter referred to as "Tampa Harley-Davidson") located at 6920 North Dale Mabry, Tampa, Florida 33614.

21.     Charging Party Virginia Duncan worked for Defendants from March 2012 until June 2015 as a sales manager.

22. During her employment, Duncan successfully performed as a sales manager at several of Defendants' Harley-Davidson locations.

23. Duncan was working as the General Sales Manager of the Tampa Harley-Davidson location at the time her employment ended in June 2015.

24. Throughout her employment with CCM Companies, Duncan expressed an interest to CCM Companies' upper level management in being promoted to a general manager position.

25. Duncan was well-qualified for a general manager position, having had previous experience as a general manager at a Harley-Davidson dealership, extensive knowledge of the Harley-Davidson brand and dealership operations, and successful performance as a manager at CCM Companies.

26. There was no formal application process for promotion to a general manager position with CCM Companies.

27. However, Duncan was told that she had to participate in CCM Companies' Vice-President's Gary Bang's mentorship program in order to advance to a general manager role.

28. Duncan began participating in the mentorship program in May 2013. As a part of this program, she was required to write her eulogy, prepare book reports, and write letters of appreciation to family, friends, and coworkers. She was also expected to meet regularly with Bang, but he often rescheduled or failed to appear for their meetings.

29. Between March 2012 and January 2015, there were at least 9 vacancies for the general manager position at CCM Companies' Harley-Davidson dealerships. Defendants hired a male for each available position.

30. Duncan was as qualified, or more qualified, than each of the males that were selected for the general manager role.

31. Duncan was recommended as the best qualified candidate for promotion by the departing General Managers on at least two occasions.

32. None of the male employees who were promoted to general manager were told that they were required to participate in the mentorship program prior to promotion.

33. In January 2015, there was a general manager opening at the Tampa Harley-Davidson location where the Charging Party Duncan was employed.

34. CCM Companies temporarily filled the role with its Executive Manager in an acting capacity.

35. The Executive Manager presented Duncan with a checklist of items to complete so that she could become the general manager. Duncan worked with the Executive Manager to complete the checklist.

36. Duncan was not interviewed for the general manager promotion.

37. Instead, in April 2015, CCM Companies promoted a male employee, Steven Snell, to the position.

38. Duncan was more qualified than Snell for the position. Snell was an assistant sales manager at another CCM Companies' Harley-Davidson location, had not participated in the mentorship program, and did not have prior general manager experience.

39. The same day she was denied promotion once again, Duncan asked CCM Companies' Executive Manager whether the reason for her non-promotion was her sex.

40. When he was unable to provide a satisfactory response, Duncan immediately began her search for other employment and the following day resigned her position at CCM Companies.

## STATEMENT OF CLAIMS

41. Paragraphs 19 - 40 are incorporated herein.

42. At all times relevant to the Complaint, CCM Companies engaged in unlawful employment practices in violation of Section 703 of Title VII, 42 U.S.C. 2000e-2, by failing to promote Charging Party on the basis of her sex (female).

43. The unlawful practices complained of in paragraphs 19 - 40 were intentional and caused Charging Party to suffer emotional distress including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation and/or physical damages.

44. The unlawful employment practices, complained of in paragraphs 19 - 40 above, were intentional and were done with malice or with reckless indifference to the federally protected rights of the Charging Party.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Declare that the Defendants violated Title VII by discriminating against Charging Party Virginia Duncan based on her sex;

  B. Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from making employment decisions (including hiring, firing, and promoting) on the basis of sex and gender;

  C. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for female employees, and which eradicate the effects of its past and present unlawful employment practices;

  D. Order Defendants to make whole Charging Party Virginia Duncan who was not promoted on the basis of her sex (female) by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of these unlawful employment practices including, but not limited to, instatement to a general manager position at one of the Harley-Davidson locations or front pay in lieu thereof;

  E. Order Defendants to make whole Charging Party Virginia Duncan whom Defendants failed to promote on the basis of her sex (female) by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 19 - 40 above including, but not limited to, relocation expenses, job search expenses, and the like, in amounts to be determined at trial;

  F. Order Defendants to make whole Charging Party Virginia Duncan whom Defendants failed to promote on the basis of her sex (female) by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 19 - 40 above including, but not limited to, emotional and/or physical pain,

suffering and mental anguish, humiliation, and loss of enjoyment of life, and the like, in amounts to be determined at trial;

G. Order Defendants to pay Charging Party Virginia Duncan punitive damages for Defendants' malicious and reckless conduct, as described in paragraphs 19 - 40 above, in amounts to be determined at trial;

H. Grant such further relief as the Court deems necessary and proper in the public interest; and

I. Award the Commission its costs of this action.

Dated:   April 30, 2019	Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
U.S. Equal Employment Opportunity
Commission
131 M. Street, N.E.
Washington, DC 20507

ROBERT WEISBERG
Regional Attorney
Florida Bar No. 285676
KIMBERLY A. CRUZ
Supervisory Trial Attorney
Florida Bar No. 153729
U.S. Equal Employment Opportunity
Commission
Miami District Office
100 S.E. 2nd Street, Suite 1500
Miami, FL 33131

*/s/ Brandi L. Meredith*
Brandi L. Meredith

Trial Attorney
Florida Bar No. 27668

U.S. Equal Employment Opportunity
Commission
Tampa Field Office
501 E Polk Street, Suite 1000
Tampa, FL 33602