UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    Plaintiff,

v.                                                      Case No. 8:18–cv–2055–CPT

CIGAR CITY MOTORS, INC.,
et al.,

    Defendants.
_____/

**O R D E R**

Before the Court is Plaintiff Equal Employment Opportunity Commission's (EEOC) motion to tax costs (Doc. 159), Defendants Cigar City Motors, Inc., Tallahassee CCM, LLC, Gulf Coast CCM, Inc., and Panama City Beach Cycles, LLC's (collectively, Cigar City) response to same (Doc. 167), and the EEOC's supplemental notice of authority (Doc. 195). After careful review of the parties' submissions and with the benefit of oral argument, the EEOC's motion is granted in part and denied in part.

I.

The background of this lawsuit is set forth in detail in a recent Order issued by the Court (Doc. 212) and therefore need only be summarized here. In its operative

complaint,[1] the EEOC averred that Cigar City discriminated against one of its employees, Virginia Duncan, on the basis of her sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, when it failed to promote her to the General Manager position at one of Cigar City's Harley-Davidson dealerships. (Doc. 19). To address this alleged misconduct, the EEOC sought damages, as well as declaratory and injunctive relief. *Id*.

After the close of discovery, Cigar City moved for summary judgment (Docs. 49, 58, 64), which the Court denied (Doc. 85). The case subsequently proceeded to a jury trial that lasted seven days. (Docs. 163, 169, 175–78, 185). As pertinent here, the witnesses who took the stand for the EEOC included Robert Hammers (who testified on the second day of trial immediately after jury selection), Duncan (who testified over a period of three days), Denise Presley, Steven Snell, Gary Bang, and Gary Postle. At the conclusion of the trial, the jury returned a verdict for the EEOC on the issue of liability and awarded it $500,000 in punitive damages but no compensatory damages. (Docs. 145, 169). The Clerk of Court entered a judgment reflecting that award shortly thereafter. (Doc. 154). The instant motion for costs followed.[2]

---

[1] The EEOC's original complaint named as Defendants Ferman Management Services Corporation, d/b/a Ferman Automotive Group (Ferman), and Cigar City Motors, Inc., d/b/a Harley-Davidson of Tampa. (Docs. 1, 159 n.1). The EEOC thereafter amended its complaint to add Defendants Tallahassee CCM, LLC, Gulf Coast CCM, Inc., and Panama City Beach Cycles, LLC, and to remove Ferman. (Docs. 19, 159 n.1).

[2] In addition to the EEOC's motion for costs, the parties filed several other post-trial motions, including a renewed motion for judgment as a matter of law by Cigar City (Doc. 166) and a motion for injunctive relief by the EEOC (Doc. 156).

II.

The amount and nature of the costs that are taxable in this action are governed by federal law. *Diperna v. GEICO Gen. Ins. Co.*, 2016 WL 7246094, at *8 (M.D. Fla. June 27, 2016) (noting that "federal law generally determines what costs may be awarded to a prevailing party in federal court") (citation omitted). The starting point in addressing this issue is Federal Rule of Civil Procedure 54(d), which states that costs other than attorney's fees "should be allowed to the prevailing party" unless a federal statute, federal rule, or court order provides otherwise. Fed. R. Civ. P. 54(d)(1). Rule 54 creates a presumption in favor of awarding costs to the prevailing party. *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001) (per curiam) (citation omitted).

The costs to be granted pursuant to Rule 54 are not without limits, however. Instead, a district court generally may not award costs to a prevailing party unless they are specified in 28 U.S.C. § 1920. *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002) (citing C*rawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987)). The fees and expenses permitted under section 1920 consist of the following: (1) fees of the clerk and the marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5)

3

docket fees under 28 U.S.C. § 1923; and (6) compensation for court appointed experts and interpreter services. 28 U.S.C. § 1920(1)-(6).

The party seeking taxation ultimately bears the burden of proving entitlement to the costs enumerated in section 1920. *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994) (per curiam) (finding that the burden rested with the fee applicant to submit a request for expenses that enabled the court to evaluate what expenses were incurred in the litigation); *Pelc v. Nowak*, 2013 WL 3771233, at *5 (M.D. Fla. July 17, 2013) (noting that a failure to provide sufficient detail or supporting documentation "verifying the costs incurred and the services rendered can be grounds for denial of costs") (citing *Johnson v. Mortham*, 173 F.R.D. 313, 318 (N.D. Fla. 1997)). On appeal, a district court's decision whether to grant costs to the prevailing party will be upheld absent a clear abuse of discretion. *Maris Distrib. Co.*, 302 F.3d at 1225 ("We have recognized that we will not disturb a costs award in the absence of a clear abuse of discretion.") (internal quotation marks and citation omitted).

As the prevailing party in this litigation, the EEOC seeks to recover the monies expended in serving process and in serving both deposition and trial subpoenas; acquiring deposition and trial transcripts; having its witnesses testify at depositions and at trial; and making copies. (Doc. 159). In support of this request, the EEOC submits a bill of costs, which includes invoices and documentation regarding the above items, as well as a declaration of counsel attesting to the necessity of the sought-after fees and expenses. (Docs. 158, 158-1). Each of these types of costs will be addressed in turn.

4

A.

Fees attendant to the service of process and subpoenas are generally taxable under section 1920(1) as long as they do not exceed the statutory limit set forth in 28 U.S.C. § 1921, which represents the allowable rate assessed by the United States Marshals Service. *Beach-Mathura v. Am. Airlines, Inc.*, 571 F. App'x 810, 812–13 (11th Cir. 2014) (per curiam) (reversing a district court's award of service of process fees that exceeded the sanctioned rate under section 1921);[3] *U.S. Equal Emp't Opportunity Comm'n v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). The Marshals Service is currently authorized to charge $65 per hour for each item personally served, plus travel costs and other out-of-pocket expenses. 28 C.F.R. § 0.114(a)(3).

In its motion, the EEOC asks that it be allowed to recoup the costs incurred in serving process on two of the Defendant entities, serving four deposition subpoenas, and serving two trial subpoenas. (Doc. 159). Cigar City contests the costs associated with only one of the deposition subpoenas (for Robert Hammers) and with only one of the trial subpoenas (for Denise Presley). (Doc. 167). The bases for Cigar City's objection to the Hammers subpoena is that Hammers was never deposed and that the EEOC does not provide documentation to support this reimbursement request in any event. *Id*. As for Presley, Cigar City contends that the EEOC attempted to serve

---

[3] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

5

Presley with a subpoena twice and should only be permitted to recover the costs for the successful service effort.  *Id.*

At oral argument, the EEOC effectively acknowledged the merits of Cigar City's arguments and withdrew its request for the costs stemming from serving the Hammers subpoena and in unsuccessfully serving one of the two Presley subpoenas. As a result, these costs will not be taxed to Cigar City.  Taking into account these adjustments, the EEOC is entitled to recover service costs in the amount of $425. These costs are as follows:

| Nature of Service Provided | Cost Incurred | Recoverable Cost |
|---|---|---|
| Service of process of the complaint on Ferman Management Services, Corporation | $50.00 | $50.00 |
| Service of process of the complaint on Cigar City Motors, Inc. | $50.00 | $50.00 |
| Service of deposition subpoena on Denise Presley | $75.00 | $65.00 |
| Service of deposition subpoena on Patrick Hunt | $190.00 | $65.00 |
| Service of deposition subpoena on Steven Snell | $85.00 | $65.00 |
| Service of trial subpoena on Denise Presley | $75.00 | $65.00 |
| Service of trial subpoena on Steven Snell | $75.00 | $65.00 |
| **Total Service of Process Fees** | | **$425.00** |

B.

Section 1920(2) authorizes the award of court reporter costs for printed or electronically recorded transcripts, provided those transcripts were necessary for use in the action. 28 U.S.C. § 1920(2); *W&O, Inc.*, 213 F.3d at 620–21 (citation omitted). Here, the EEOC asks that it be reimbursed the costs for acquiring various deposition and trial transcripts. (Doc. 159). In its response, Cigar City challenges only the trial transcripts, asserting that these items were requested either on the last day of trial or afterwards and that they therefore could not have been utilized at trial. (Doc. 167). Cigar City also maintains that "[t]rial transcripts typically are for the convenience of a party and [are] not taxable." *Id*. Seemingly anticipating this line of argument, the EEOC maintains in its motion that it ordered the trial transcripts when it did because, among other things, it needed them for its subsequent motion for injunctive relief and to respond to the expected post-trial motions from Cigar City. (Doc. 159).

Cigar City's objections are largely unavailing. A number of courts have found the costs of trial transcripts to be recoverable where they were necessarily obtained for the use in "post-trial motion practice."[4] *Hughes v. Priderock Cap. Partners, LLC*, 2020 WL 6491003, at *3 (S.D. Fla. Sept. 17, 2020), *report and recommendation adopted*, 2020 WL 6487537 (S.D. Fla. Nov. 4, 2020) (citing *Fortran Grp. Int'l, Inc. v. Tenet Hosps. Ltd.*, 2013 WL 12203233, at *2 (M.D. Fla. Sept. 30, 2013)); *see also Cadle v. Geico Gen. Ins.*

---

[4] Cigar City appeared to acknowledge the validity of this point—at least implicitly—at oral argument.

*Co.*, 2015 WL 4352048, at *7 (M.D. Fla. July 14, 2015) (finding the cost of trial transcripts were reimbursable because they "were necessary to argue and/or respond to the post-trial motions filed in th[e] case") (citing *Snow v. Boston Mut. Life Ins. Co.*, 2014 WL 641879, at *3 (M.D. Ala. Feb. 19, 2014); *Denton v. DaimlerChrysler Corp.*, 645 F. Supp. 2d 1215, 1228 (N.D. Ga. 2009)). There can be no dispute at this stage that the EEOC did, in fact, file a motion for injunctive relief (as it claimed it would), that Cigar City did, in fact, file a post-trial motion of its own (as the EEOC predicted it would), and that the contested trial transcripts were required to address one or both of these filings.

That said, the EEOC's request to recover the costs of the trial transcripts is subject to a reduction. At oral argument, Cigar City objected to paying any enhanced costs for trial transcripts that were sought on an accelerated time frame. In its supplement filed after oral argument, the EEOC acknowledged that it expended an additional $1,131.65 to secure expedited copies of certain of the trial transcripts. (Doc. 195). As a result, it agreed to lower the sought-after amount for the transcripts to $10,446.61. *Id*. The Court finds this sum—which consists of the following costs—to be taxable.

| Nature of Transcript | Recoverable Amount |
|---|---|
| Deposition transcript of Virginia Duncan | $899.95 |

| | |
|---|---:|
| Deposition transcript of Gary Bang | $2,015.47 |
| Deposition transcript of Gary Postle | $1,763.56 |
| Deposition transcript of Patrick Hunt | $1,064.18 |
| Deposition transcript of Denise Presley | $1,442.46 |
| Deposition transcript of Steven Snell | $1,151.39 |
| Deposition transcript of Kimberly Wright | $847.35 |
| Trial transcript for Day 2 of trial (Hammers, Snell Excerpts) | $1,016.40 |
| Trial transcript for Day 3 of trial (Presley Excerpt) | $106.80 |
| Trial transcript for Days 4–5 of trial (Postle, Bang excerpts) | $1,270.70 |
| Minus expedited fee for certain of the trial transcripts | ($1,131.65) |
| **Total Fees for Printed or Electronically Recorded Transcripts** | **$10,446.61** |

C.

The recovery of witness fees under 28 U.S.C. § 1920(3) is limited by 28 U.S.C. § 1821. That statute authorizes "'a witness payment of $40 per day for attendance in court or at a deposition, a common carrier travel expense or a mileage allowance, a per diem subsistence allowance if an overnight stay at the place of attendance is

9

required, and other miscellaneous expenses[.]'" *Wilshire Ins. Co. v. Casablanca on the Bay, Inc.*, 2018 WL 4829215, at * 5 (S.D. Fla. July 20, 2018) (quoting *Santana v. RCSH Operations, LLC*, 2012 WL 3779013, at *4 (S.D. Fla. Aug. 31, 2012)); *see also Integrity Factoring Group Inc. v. Powerhouse Fresh Holdings, LLC*, 2018 WL 7954547, at *2 (S.D. Fla. Sep. 28, 2018) (noting that, under section 1821, a party "may recover testifying witness fees that include actual expenses of a common carrier (i.e., flights, taxis, rental cars, etc.), and a subsistence allowance [that] includes the cost of hotels and food"). A per diem subsistence allowance, however, "may not exceed the maximum per diem amount authorized by the General Services Administration (GSA) for federal employees." *Wilshire Ins. Co*, 2018 WL 4829215, at *5 (citing *Santana*, 2012 WL 3779013, at *4; 28 U.S.C. § 1821(d)(2)). GSA bases the travel reimbursement rate "on the location of the work activities and not the accommodations, unless lodging is not available at the work activity." FY 2021 Per Diem Rates for Miami, Florida, GSA, at n.1.[5]

Here, the EEOC seeks to recover witness fees for three deponents and four trial witnesses, the latter of which include—of relevance here—Duncan and Hammers. (Doc. 159). The EEOC also seeks to recoup the costs for Duncan's travel, lodging, parking, and subsistence stemming from her attendance at the trial each day. *Id*. Cigar

---

[5] These rates can be found at https://www.gsa.gov/travel/plan-book/per-diem-rates/per-diem-rates-results/?fiscal_year=2021&state=FL&perdiemSearchVO_city=Miami&action=perdiems_report&zip=&op=Find+Rates&form_build_id=form-EyoIj49KmD5YhsZIGs8Hzd4kpM-A7nonZjeo_pepXhQ&form_id=perdiem_form (last visited April 27, 2023).

10

City opposes the EEOC's cost request for Duncan only to the extent it exceeds an attendance fee, mileage, and an accompanying subsistence payment for the three days she actually testified. (Doc. 167). Cigar City likewise objects to any compensation for Hammers that is greater than the witness fee and travel allowance for the one day he testified. *Id.*

The Court finds the EEOC's witness fee figure to be taxable in part. The Court is not convinced that Duncan is entitled to "witness" fees for the days on which she was undeniably not a witness. The case authority that the EEOC offers (Doc. 195) does not contain any meaningful analysis regarding the appropriateness of such renumeration and is unpersuasive.

As for Hammers, the EEOC represented at oral argument that it arranged for Hammers to arrive the Sunday before the start of trial on the ensuing Monday afternoon, so that it would be in a position to have Hammers testify if there was time to do so after jury selection. It further clarified at oral argument that it sought reimbursement for Hammers for the entire time period he spent in Tampa, Florida in connection with his trial testimony. The Court finds this explanation reasonable and the costs incurred for Hammers for his stay in Tampa for the trial to be compensable.

After making the necessary computations, the Court finds that the EEOC is entitled to witness fees and costs totaling $2,372.47. These costs consist of the following:

| Nature of Witness Fees and Costs | Recoverable Amount |
|---|---:|
| Witness fees for deposition: Virginia Duncan | $252.30 |
| Hotel costs for deposition travel: Virginia Duncan | $122.00 |
| Witness fees for deposition: Steven Snell | $98.40 |
| Witness fees for deposition: Patrick Hunt | $141.12 |
| Witness fees for trial: Steven Snell | $85.36 |
| Witness fees for trial: Denise Presley[6] | $149.31 |
| Witness fees for trial: Robert Hammers[7] | $681.94 |
| Witness fees for trial: Virginia Duncan[8] | $399.09 |
| Hotel costs and parking for trial travel: Virginia Duncan[9] | $442.95 |
| **Total Fees and Disbursements for Witnesses** | **$2,372.47** |

---

[6] The Court calculated this figure by totaling Presley's witness fee for her one day of trial testimony ($40.00) and her travel expenses to and from Tampa, Florida ($109.31).

[7] The Court arrived at this sum by totaling Hammers' witness fee for his one day of trial testimony ($40.00), his subsistence payments for two and a half days ($152.50), and his travel to and from Tampa, Florida ($489.44).

[8] The Court determined this amount by totaling the subsistence payments for the three days Duncan testified at trial ($145.81), her travel expenses to and from Tampa, Florida ($133.28), and her witness fee for three days of testimony ($120.00).

[9] The Court computed this figure by totaling the lodging and parking expenses ($372 + $70.95) for the three days Duncan testified.

D.

Copying costs are authorized under 28 U.S.C. § 1920(4) as long as "the copies [were] necessarily obtained for use in the case." The costs covered by this provision include those incurred in copying discovery, pleadings, correspondence, exhibits, and documents provided to opposing counsel and the Court. *Desisto College, Inc. v. Town of Howey-in-the-Hills*, 718 F. Supp. 906, 913 (M.D. Fla. 1989), *overruled on other grounds*, *W&O, Inc.*, 213 F.3d at 624.

In this case, the EEOC asserts that it incurred $1,153.45 in exemplification costs in connection with the trial and the depositions conducted. (Doc. 159). Cigar City does not dispute that these costs are taxable. The EEOC is therefore entitled to the requested sum.

III.

In light of all the above, the EEOC's motion to tax costs (Doc. 159) is granted in part and denied in part as described herein. The Clerk of Court is directed to enter judgment favor of the EEOC and against the Defendants in the amount of $14,397.53.

SO ORDERED in Tampa, Florida, this 27th day of April 2023.

*[signature: Christopher P. Tuite]*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record